UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff-Respondent, | § § | SA-08-MC-0705 FB (NN) |
| v. | § § | CRIMINAL ACTION NO. |
| CHANTAY P. WHITE, | § § | SA-86-CR-215 FB (NN) |
| Defendant-Movant. | § | |

**REPORT AND RECOMMENDATION**

This report and recommendation addresses movant Chantay P. White's motion for expungement of her criminal conviction.[1] The district judge referred the motion to me for a recommendation.[2] A recommendation—in lieu of a ruling—is appropriate because Congress has not affirmatively given magistrate judges the power to a expunge criminal record.[3] After considering the motion, the pleadings on file, and applicable authorities, I recommend denying

---

[1] Docket entry #s 2 & 5.

[2] Docket entry # 4.

[3] *See United States v. Lopez*, 704 F. Supp. 1055, 1056 (S.D. Fla. 1988) (interpreting the absence of an explicit grant of authority to magistrate judges to order the expungement of an arrest as a denial of such authority). *But see Compare United States v. Vasquez*, 74 F. Supp.2d 964, 966-67 (S.D. Cal.1999) (explaining that although neither 28 U.S.C. § 636 nor 18 U.S.C. § 3401 expressly grants nor denies magistrate judges the authority to expunge conviction records, the authority is implicit in the magistrate judge's authority to enter the conviction where the defendant has consented); *United States v. Steelwright*, 179 F. Supp.2d 567, 571-72 (D. Md.2002) ("The authority to order expungement, like the ability to modify conditions of or revoke supervised release, is a natural extension of the magistrate judge's authority to sentence in the first place where the defendant has consented to such.").

1

the motion.

White filed her motion on August 22, 2008,[4] and asked the district court to expunge the record of her conviction in Cause No. SA-86-CR-215-FB for the misdemeanor offense of obstruction of mails.[5] This offense occurred when White was an 18-year-old student working as a part-time mail sorter. White was originally charged with the felony offense of embezzlement of mail matter and two misdemeanor offenses—embezzlement of property belonging to the United States and obstruction of mails—but pleaded guilty to only obstruction of mails as part of a plea agreement. The other charges were dismissed as part of the plea agreement. Since that time, White completed degrees in the field of social work and served in the armed forces. White reported that because she responded "No" to a security-clearance form question, "Have you ever been charged with or convicted of a felony," she is being separated from the armed forces. White asked for an expungement to remove what she views as a barrier to employment and her professional license. White laments that despite having done all she can to receive forgiveness for her past mistakes, she must continue to defend her past. White did not cite any statutory or case authority that would permit the district court to enter an order of expungement.

However sympathetic the court may be to White's circumstances, no authority exists for entering an order of expungement. "Congress has not expressly granted to the federal courts a general power to expunge criminal records,"[6] choosing instead to "set the conditions by which

---

[4]Docket entry # 2.

[5]*See* 18 U.S.C.A. § 1701 ("Whoever knowingly and willfully obstructs or retards the passage of the mail, or any carrier or conveyance carrying the mail, shall be fined under this title or imprisoned not more than six months, or both.").

[6]*United States v. Crowell*, 374 F.3d 790, 793 (9th Cir. 2004).

the courts may expunge records of federal convictions in particular cases."⁷ Congress has delineated conditions for expungement in a very narrow group of cases, but it has not provided for expungement of a conviction for obstruction of mails. In the Fifth Circuit, the district court lacks the authority to expunge a criminal record "in which the validity of the original conviction is unquestioned."⁸ Here, the validity of White's conviction is unquestioned. Consequently, I recommend that the district court deny White's motion (docket entry #s 2 & 5).

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.⁹ Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must

---

⁷*Crowell*, 374 F.3d at 792.

⁸*United States v. Scott*, 793 F.2d 117, 118 (5th Cir. 1986). *See also United States v. Meyer*, 439 F.3d 855, 859 (8th Cir. 2006) ("[A] district court does not have subject matter jurisdiction over a motion to expunge that is based solely on equitable considerations, and, therefore, a magistrate judge of the district court also lacks jurisdiction over such a motion."); *United States v. Jenkins*, No. H-79-141-CR, 2007 WL 4556666 (S.D. Tex. Dec. 18, 2007) ([T]he district court lacks the authority to order that the official records of a valid conviction be rewritten."); *United States v. Gary*, 206 F. Supp. 2d 741, 742 (D.Md. 2002) ([A] district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks [the] equitable relief [of enhancing the defendant's employment situation).

⁹28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b).

specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[10] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[11]

**SIGNED** on December 15, 2008.

*[signature]*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[10]*Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[11]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).